**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


NATHAN ABRAHAM MARTINEZ

    v.                                       Case No. 25-cv-00457-JL-TSM

TRANS UNION, LLC


**REPORT AND RECOMMENDATION**

Self-represented Plaintiff, Nathan Martinez, received an invitation from Apple Card to apply for financing. Doc. No. 3 at ¶ 4. After his application was denied, Plaintiff filed a complaint in state court against consumer reporting agency ("CRA") Trans Union LLC, in which he alleged that Defendant violated three provisions of the Fair Credit Reporting Act ("FCRA"), see 15 U.S.C. §1681e(b) and 15 U.S.C. §1681i(a), and engaged in tortious conduct towards him. See generally Doc. No. 3. On November 10, 2025, Defendant removed the case to federal court, and the next day, Plaintiff filed an Amended Complaint. Doc. Nos. 1, 3. Defendant now moves to dismiss the Amended Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Doc. Nos. 9, 10. For the reasons that follow, this court recommends that the district judge grant in part and deny in part Defendant's motion to dismiss. Specifically, the district judge should dismiss Counts I–III, but permit Counts IV-VI to proceed.


**LEGAL STANDARD**

In order for a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard "does not require 'detailed factual allegations,' but it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  With respect to Plaintiff's pro se status, "the Court will construe his complaint liberally, accept as true all well-pled, non-conclusory allegations, and draw all reasonable inferences in his favor."  Vaiano v. Experian Info. Sols. Inc., No. 1:24-CV-12245-JEK, 2025 WL 2323521, at *1 (D. Mass. Aug. 12, 2025).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011)).  The facts may be derived not only from the complaint, but also from "whatever documents are either annexed to it or fairly incorporated into it, and any relevant matters that are susceptible to judicial notice."  Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).

## BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint and the exhibits attached thereto.  Doc. No. 3; see Redondo-Borges, 421 F.3d at 5; Rivera v. Kress Stores of Puerto Rico, Inc., 30 F. 4th 98, 201 (1st Cir. 2022) (when deciding a motion to dismiss, the "court may consider not only the complaint but also any documents annexed to it (the authenticity of which are unchallenged) . . . .").  Plaintiff is a credit consultant and small business owner.  Doc. No. 3 at ¶ 16.  In November 2024, Plaintiff received an invitation to apply for an Apple Card.  Id. at ¶ 4.  Plaintiff alleges that he "applied in good faith to support his business," but was denied "based on derogatory data" on his Trans Union credit report.  Id.

Plaintiff alleges that his Trans Union credit report contained "inaccurate [and] inconsistent data" regarding his Discover Bank account, including:

a. "Last Payment" listed as January 20, 2023, yet "OK (Paid)" shown for February and March 2023.
b. "First Delinquency" listed as April 2023 despite no missed payments.
c. "Closed Date" July 16, 2023, yet "120 days late" for August and [September] 2023.
d. "Charged off" in October 2023 following months of "OK" status.[1]

Id. at ¶ 5.

Plaintiff disputed these alleged inaccuracies and inconsistencies with Defendant. Doc. No. 3-1 at pg. 2. On January 10, 2025, Plaintiff received Defendant's "Investigation Results," in which Defendant confirmed that the "disputed information was VERIFIED AS ACCURATE."[2] Id.; Doc. No. 3 at ¶ 6. On January 18, 2025, Plaintiff mailed a certified letter to Defendant's Chester, Pennsylvania office again disputing the alleged inconsistencies and inaccuracies on his credit report. Doc. No. 3 at ¶ 7. However, according to Plaintiff, Defendant failed to reinvestigate or correct his credit report. Id.

On or around June 23, 2025, Plaintiff sent a third dispute letter to Defendant, wherein Plaintiff demanded that Defendant provide its automated consumer dispute verification ("ACDV")

---

[1] "'Charge off' is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely." Lantos v. Equifax Info. Servs., L.L.C., No. 23-cv-00240-LEW, 2024 WL 778819, at *3 (D. Me. Feb. 26, 2024) (quoting Makela v. Experian Info. Sols., Inc., No. 21-cv-00386-MC, 2021 Wl 5149699, at *3 (D. Or. Nov. 4, 2021)). "Federal regulations require banks to 'charge off' debt that is past due by over 180 days." In re Anderson, 884 F.3d 382, 386 n.2 (2d Cir. 2018).

[2] In the Investigation Results document, Defendant also advised that Plaintiff's "Historical Trended Data" was updated. Doc. No. 3-1 at pg. 2. "Trended data shows a person's pattern of financial behavior over a set period of time, generally 24 months[,]" and "is more detailed than credit scores and can tell a lender more about your risk." *What Is Trended Data and Does It Affect Credit?*, Chase, https://www.chase.com/personal/credit-cards/education/build-credit/what-is-trended-data [perma.cc/B3RA-F9G9].

records and verification methods. Id. at ¶ 10. Defendant responded but declined to provide the requested information because "it didn't appear that [Plaintiff] or a properly authorized third party sent" the request to Defendant. Doc. No. 3-1 at pg. 4.

On August 1, 2025, Plaintiff received another report from Defendant verifying his account history as accurate, but, according to Plaintiff, the report contained another inconsistency. Doc. No. 3 at ¶ 12. Specifically, the account "Closed Date" had been changed from July 16, 2023 to July 19, 2023. Id. Plaintiff also noticed that Defendant changed the June 2023 delinquency period from 90 days late to 60 days late. Id.

Although Plaintiff believed that his credit report contained inaccuracies and inconsistencies, he continued applying for credit. In August 2024, Plaintiff applied for a credit line increase with Synchrony Bank. Doc. No. 3 at ¶ 13. The Bank declined to increase Plaintiff's line of credit and closed his account. Id. In March 2025, Plaintiff applied for a business credit card with Capital One, but his application was denied due to "serious delinquency" and a low credit score. Id. at ¶ 8. Finally, in June 2025, Plaintiff applied for a business line of credit with M&T Bank. In denying his request, M&T cited Plaintiff's "delinquent credit obligations" and his low credit score. Id. at ¶ 11. Plaintiff claims he lost business opportunities and was unable to obtain new credit, a car loan, or a mortgage loan due to the inaccuracies and inconsistencies on his credit report. Id. at ¶ 14. Plaintiff further alleges that due to Defendant's negligence, "willful noncompliance and reckless disregard for the rights guaranteed under the FCRA[,]" he "has endured months of emotional distress, anxiety, embarrassment, and reputational harm[,]" which has "damaged his credibility[]" as a credit consultant. Id. at ¶¶ 15–16.

Plaintiff brings this lawsuit against Defendant, alleging that it violated the FCRA (Counts I–III), defamed Plaintiff by publishing false credit information (Count IV), acted negligently in

4

that it breached its duty to maintain and report accurate information (Count V), and caused Plaintiff "severe stress, embarrassment, and financial strain[]" (Count VI). Id. at pg. 4. Defendant moves to dismiss Plaintiff's Complaint.

**DISCUSSION**

I.    **Counts I – III Should Be Dismissed for Failure to State a Claim**

A.  The FCRA

"Congress enacted the FCRA in 1970, in part, 'to ensure fair and accurate credit reporting.'" McIntyre v. RentGrow, Inc., 34 F.4th 87, 91 (1st Cir. 2022) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)). "Recognizing the high stakes that credit reporting portends for consumers, the FCRA requires that '[w]henever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" Id. (first alteration in original) (quoting 15 U.S.C. § 1681e(b)). "The FCRA furnishes a private right of action to consumers who claim to be harmed by violations of its strictures." Id. at 92 (citing 15 U.S.C. § 1681p). Plaintiff claims that Defendant violated the FCRA by furnishing inaccurate and inconsistent information in his credit report in violation of § 1681e(b) (Count I); failing to reasonably reinvestigate Plaintiff's disputes in violation of § 1681i(a) (Count II); and refusing to reinvestigate a dispute he submitted in violation of § 1681i(a)(3) (Count III).

However, in order to bring a claim against a CRA under either § 1681e(b) or § 168li, a plaintiff must first demonstrate that his credit report contained an actual inaccuracy. DeAndrade v. Trans Union LLC, 523 F.3d 61, 66–67 (1st Cir. 2008). "'[A] report is inaccurate if the information' contained therein 'is false or materially misleading.'" Verlus v. Experian Info. Sols., Inc., No. 23-CV-11426-DJC, 2025 WL 836588, at *3 (D. Mass. Mar. 17, 2025) (alteration in

original) (quoting <u>McIntyre v. RentGrow, Inc.,</u> No. 18-cv-12141-ADB, 2021 WL 3661499, at *7 (D. Mass. July 22, 2021)); <u>see</u> <u>Wenning v. On-Site Manager, Inc.,</u> No. 14-cv-9693-PAE, 2016 WL 3538379, at *9 (S.D.N.Y. June 22, 2016)) ("[A] credit report is inaccurate under § 1681e(b) either when it is patently incorrect <u>or</u> when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." (collecting cases) (emphasis in original) (internal quotation marks and citations omitted)).

Defendant argues that Plaintiff's FCRA claims (Counts I–III) should be dismissed for failing to satisfy this necessary element. Doc. No. 10 at pgs. 3–6. Plaintiff objects, arguing that his Amended Complaint contains plausible and well-supported allegations that Defendant violated the FCRA. Doc. No. 11 at pg. 2. The court agrees that Plaintiff failed to sufficiently allege that his credit report contained an actual inaccuracy, and thus, does not state plausible claims under the FCRA.

B. <u>Analysis</u>

i. *Count I: Section 1681e(b)*

Section 1681e(b) provides, in relevant part: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In order to state a claim under § 1681e(b), a plaintiff must sufficiently allege the following: "(1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry." Johnson v. TransUnion, LLC, No. CV 25-3053 (RMB/MJS), 2026 WL 858747, at *3 (D.N.J. Mar. 30, 2026) (citing Hafez v. Equifax Info. Servs., LLC, 666 F.

Supp. 3d 455, 460–61 (D.N.J. 2023)); see Bibbs v. Trans Union LLC, 43 F.4th 331, 342 (3d Cir. 2022).

Here, Plaintiff alleges that his credit report contained several inconsistencies regarding the last payment date, the first delinquency date, the closed date, and Plaintiff's "Charged Off" status. See Doc. No. 3 at ¶¶ 5, 12; see Doc. No. 3-1 at pg. 2. However, Plaintiff's allegations are not enough to state a claim under § 1681e(b) of the FRCA because he did not allege facts sufficient to show that his report contained an actual inaccuracy.

In his objection to Defendant's motion to dismiss, Plaintiff agreed that January 20, 2023 was the last payment date and stated that that he "made no payments" in February 2023 or March 2023.[3] Doc. No. 11 at pg. 2. According to Plaintiff, his credit report is inaccurate because it indicates that he made payments in February 2023 and March 2023, which contradicts the last payment date of January 20, 2023 and creates an "erroneous and materially misleading Date of First Deliquency" that "materially affects creditwithiness[.]" Id. Plaintiff also states that a report issued in August 2025 differed from the report issued in July 2023 with respect to the date on which his account closed and the delinquency period for June 2023. Specifically, the August 2025 report changed the closed date from July 16, 2023 to July 19, 2023 and indicated that Plaintiff was 60 days delinquent in his payment as of June 2023, when Plaintiff's previous report stated that Plaintiff was 90 days delinquent as of June 2023. Doc. No. 3 at ¶ 12; Doc. No. 11 at pg. 2.

---

[3] To the extent Plaintiff seeks to add facts that clarify his Complaint through his objection to Defendant's motion to dismiss, the court cannot consider those allegations. Taranov v. Area Agency of Greater Nashua, No. 2023 DNH 129, 2023 WL 6809637, at *5 (D.N.H. Oct. 16, 2023) ("[I]n ruling on the sufficiency of a complaint, courts are not permitted to consider allegations that appear for the first time in an objection to a motion to dismiss."), aff'd, 2025 WL 3198137 (1st Cir. Aug. 11, 2025). However, even if the court could consider the facts Plaintiff added in his objection to Defendant's motion to dismiss, for the reasons stated, Plaintiff has still failed to allege an actual inaccuracy as required to state a FCRA claim.

Nevertheless, Plaintiff's Complaint fails to allege facts about "whether the credit report was misleading in a way that would have an adverse effect on his creditworthiness." Verlus, 2025 WL 836588, at *4 (citing Cruel v. Experian, No. 22-cv-5236-KBH, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023)).  In Verlus, the court concluded that similar allegations of date discrepancies and inconsistent information, alone, did not constitute "inaccuracies" in the context of stating a claim under the FRCA.  Id.  There, the plaintiff alleged, in relevant part, that three of his credit reports contained inconsistent information, including that late payments from February through May 2023 were listed as being 30 or 60 days late "even though one cannot be allegedly 30 days late after being 60 days late or being late 30 days in back-to-back months[;]" inaccurately stated the dates of late payments; and included multiple charge off dates even though, according to the plaintiff, a charge off could only happen once.  Id. at *2.

Plaintiff in this case also points out inconsistencies regarding dates, but, like the plaintiff in Verlus, fails to allege facts that would show that the inaccuracies had an adverse effect on his creditworthiness.  In fact, some of the inconsistencies Plaintiff highlights would have had a positive effect, albeit temporary, on Plaintiff's creditworthiness.  For instance, Plaintiff contends that his credit report inaccurately states that he made payments in February or March 2023, when he actually made no payments during that time.  Doc. No. 11 at pg. 2.  Ultimately, Plaintiff does not dispute that he failed to pay his bank statement and has not shown that Defendant caused any adverse effect on his creditworthiness such that Defendant should be liable under the FCRA.  Spokeo, Inc. v. Robins, 578 U.S. 330, 342 (2016), as revised (May 24, 2016) ("[N]ot all inaccuracies cause harm or present any material risk of harm.").  Plaintiff's allegations that his credit report contains inaccurate or inconsistent information, "without more, do not permit an inference that [the] report contains 'false or materially misleading' information, and thus do not

support a plausible conclusion that the credit report[] contain[s] actual inaccuracies." Verlus, 2025 WL 836588, at *4 (quoting McIntyre, 2021 WL 3661499, at *7 and citing Cruel, 2023 WL 4140828, at *3); see Johnson, 2026 WL 858747, at *4 ("[G]eneral allegations of inaccurate information in a consumer credit report are insufficient to state a plausible violation of the FCRA."); see, e.g., Iqbal, 556 U.S. at 663 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the district judge should grant Defendant's motion to dismiss Count I of Plaintiff's Amended Complaint for failure to state a claim.

### ii.      Counts II and III: Sections 1681i and 1681i(a)(3)

Plaintiff also contends that Defendant is liable under the FCRA for failing to "conduct reasonable reinvestigations after receiving Plaintiff's disputes[]" in violation of § 1681i(a) (Count II) and "unlawfully refus[ing] to reinvestigate a consumer-submitted dispute[]" in violation of § 1681i(a)(3) (Count III). Doc. No. 3 at pg. 4.

However, as stated above, the court only reaches the issue of whether a CRA complied with its obligation to reinvestigate disputed information under § 1681i if the plaintiff shows that the reported information was in fact inaccurate.[4] DeAndrade, 523 F.3d at 67 (following "the weight of authority in other circuits[, which] indicates that without a showing that the reported information

---

[4] The fact that Plaintiff brought claims under different subsections of § 1681i — specifically subsections (a) and (a)(3) — does not change the requirement that he must show the information reported was in fact inaccurate. See Bibbs, 43 F.4th at 344–45 & n.19 (concluding that plaintiff's failure to allege inaccuracies on their credit report foreclosed plaintiff's claims under § 1681i(a) "just as it [did] their § 1681e(b) claims[]" and noting that requiring actual inaccuracies before reaching the issue of whether a CRA complied with its investigation obligations "does not undermine § 1681i(a)(3), which allows a [CRA] to terminate a reinvestigation if it 'reasonably determines that the dispute by the consumer is frivolous or irrelevant[]'" (quoting 15 U.S.C. § 1681i(a)(3)(A)).

9

was in fact inaccurate, a claim brought under § 1681i must fail[]"); see, e.g., Bibbs, 43 F.4th at 344 (collecting cases).  For the reasons stated with respect to Plaintiff's claim under § 1681(e)(b), Plaintiff has not sufficiently alleged facts that would show his credit report contained an actual inaccuracy for which Defendant is liable under the FCRA.  Accordingly, the court need not address whether Defendant complied with its obligations under the FCRA.

Therefore, the court recommends that the district judge grant Defendant's motion to dismiss as to Counts II and III.[5]

### II.    Counts IV–VI: Defamation, Negligence, Emotional Distress and Reputational Harm

Although Defendant moves to dismiss Plaintiff's entire Amended Complaint, Defendant focuses its argument for dismissal on the FCRA.  See Doc. No. 10.  Defendant provides no argument, even in passing, as to why Counts IV – VI fail to state a claim and should be dismissed. Id.  Accordingly, the district court should deny Defendant's motion to dismiss as to Counts IV–VI.

### CONCLUSION

For the reasons detailed herein, this court recommends that the district judge grant Defendant's motion to dismiss (Doc. No. 9) only as to Counts I, II, and III and dismiss those claims.  The court also recommends that the district judge deny Defendant's motion to dismiss (id.) as to Counts IV, V, and VI.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See

---

[5] Defendant asks the court to dismiss the Amended Complaint with prejudice, but the court is not persuaded by Defendant's argument that any potential amendment by the pro se Plaintiff would be futile.

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in

the objection(s) to this Report and Recommendation "are subject to review in the district court"

and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v.

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health &

Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 1, 2026

cc:    Nathan Abraham Martinez, pro se
       Counsel of Record